41 So.2d 631

**THOMPSON v. STATE.**

8 Div. 769.

Court of Appeals of Alabama.
July 19, 1949.

Kennedy Williams and Williams & Williams, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Appellant has been adjudged guilty by the Judge of the Law and Equity Court of Franklin County of the offense of public drunkenness.

The tendency of the State's evidence was that this appellant came from Spruce Pine to Phil Campbell to seek the release of two of his friends who had been placed in the Phil Campbell jail on a charge of public drunkenness.

Apparently Constable Peppers, of Phil Campbell, was the first official appellant contacted. According to Peppers appellant was in a drunken condition. He talked for twenty minutes pretty loud on the street in front of the City Hall—"he was cursing about them being locked up, about these other boys being locked up," and said "Kent (the Chief of Police of Phil Campbell) was getting a little too damn smart."

Robert Hammock, Chief Deputy Sheriff for Franklin County, testified that during this time appellant talked loud, and in his opinion was drunk.

L. E. Kent, Chief of Police of Phil Campbell, testified that appellant was drunk on the occasion in question, and told him he was "too God damn smart."

Appellant was placed in jail, and the next morning taken to Russellville. On 9 June he was charged by affidavit and warrant with the offense of public drunkenness.

The defense evidence was directed toward showing that appellant upon hearing of his friends' arrest, and that they had been beaten up by police officers, placed in jail and denied medical attention, came to Phil Campbell to render assistance and get medical attention for them.

Further evidence was introduced by the appellant tending to show that appellant was not intoxicated, but appeared to be angry. The appellant himself denied that he had had anything to drink at any time during the day in question.

Section 120, Title 14, Code of Alabama 1940, provides: "Any person who, while intoxicated or drunk, appears in any public place where one or more persons are present, or at or within the curtilage of any private residence, not his own, where one or more persons are present, and manifests a drunken condition by boisterous or indecent conduct, or loud and profane discourse, shall, on conviction, be fined not less than five nor more than one hundred dollars to be paid in money only."

In our opinion the tendency of the State's evidence was entirely sufficient to estab-

lish the elements essential to sustain the judgment rendered by the court below. A sharp conflict was presented by the evidence. We do not feel that any justification exists for disturbing the lower court's conclusion on these facts. This cause is therefore due to be affirmed and it is so ordered.

Affirmed.

BRICKEN, P. J., not sitting.